[No. 4084. Decided July 15, 1902.]

Hugh Monroe, *Respondent*, v. Thomas Wilson *et al.,*
*Appellants.*

CONTRACTS — BREACH — SALE OF BUSINESS — CONDITIONAL PAYMENT
OF CONSIDERATION.

Under a contract providing that defendant should pay plaintiff
fifty dollars per month, while operating a stage line sold him by
plaintiff, payable "until there is a railroad running into Repub-
lic or an opposition stage," the refusal of defendant to pay such
monthly installment for a period of four months, during which
another stage line was run in opposition to him, would not con-
stitute a breach.

Appeal from Superior Court, Stevens County.—Hon.
William E. Richardson, Judge. Reversed.

*H. G. Kirkpatrick,* and *Post, Avery & Higgins,* for
appellant.

*J. A. Rochford,* for respondent.

The opinion of the court was delivered by

Reavis, C. J.—Action to recover damages for breach
of the following written agreement:

"Agreement is made on this 18th day of January, A.
D. 1900, between Hugh Monroe, party of the first part,
and Thos. Wilson, party of the second part. Party of
the first part agrees to withdraw his stage outfit, known
as the 'Monroe Stage Line,' from the route between Kettle
Falls, Wn., and Republic, Wn., and to turn over to the
party of the second part any and all stage, express, and
passenger business to or from Republic, or between Ket-
tle Falls and Republic, and to turn over to the party of
the second part any privileges held with the Spokane
Falls and Northern Ry. Co. and the annual pass and
the right to solicit passenger business on the trains, and
to turn over to the party of the second part the rights and

privileges with the business held with the Great Northern
Express Co., and further agrees to assist, in any way nec-
essary, the party of the second part in holding the ex-
press and passenger business, and in keeping out any op-
position to the party of the second part. The party of
the first part further agrees not to be interested, directly
or indirectly, in any stage or express business or line
between or from the Spokane Falls and Northern Ry. Co.
to Republic, Wn., and also agrees not to sell his stage
outfit to any one for the purpose of starting any opposi-
tion to the party of the second part; and the party of the
second part agrees to pay to the party of the first part
the sum of Five Hundred Dollars ($500.00), lawful
money of the United States, Fifty Dollars ($50.00) to
him in hand paid by the party of the second part, the re-
ceipt of which is hereby acknowledged; the balance of
Four Hundred and Fifty Dollars ($450.00) to be paid
when the party of the first part shall have withdrawn his
stage outfit and turned over the business according to the
aforesaid agreement, not to be later than February 1st,
1900. And the party of the second part further agrees
to pay to the party of the first part Fifty Dollars ($50.00)
per month, while running the stage to Republic, until
there is a railroad running into Republic or an opposi-
tion stage. It is hereby agreed that the party of the first
part shall have the right to carry passengers from Mey-
ers Falls to Kettle Falls; and any Republic passengers,
to be turned at Kettle Falls to the party of the second
part, the party of the second part agrees to pay
a commission of fifty cents each. And, as for the true
and faithful performance of all and every of the said
agreement, the said parties of the contract bind them-
selves, each unto the other, in the penal sum of Five
Hundred Dollars ($500.00), lawful money of the United
States; fixed, settled, and liquidated damages being paid
by the failing party to the other, his heirs or assigns.

HUGH MONROE,          . (Seal)

Party of the first part.

THOS. WILSON,          (Seal)

Party of the second part."

The complaint alleged the breach of the contract, in the nonpayment of the $50 per month stipulated, from the 24th of May, 1900, for about four months ensuing. The answer alleged performance of the contract to the first date mentioned in the complaint, and admitted that no payment had been made during the four months, but set up in defense that an opposition stage was placed upon the route designated in the agreement, and was operated continuously for about four months thereafter. A jury was waived, the facts determined by the court, and judgment entered for plaintiff, against defendant Wilson only, in the sum of $200. Defendant excepts to one of the findings of fact, which is that there is due from defendant $50 per month under the terms of the contract, and that no opposition stage line was operated during the time.

Our examination of the evidence discloses that two horse vehicles carrying passengers, using about ten horses altogether and advertising in the newspapers and otherwise as a stage line, were run in opposition to the defendant's line during the time the defendant declined to pay the $50 per month. These facts appeared substantially without controversy. The contract specifies that $50 per month shall be paid unless certain contingencies occur, one of which was an opposition stage line. The consideration of the exception of defendant to the explanatory oral evidence heard by the court relative to the meaning of the words "opposition stage" used in the agreement becomes immaterial in view of the effect we have given to the evidence relating to the nature of the opposition. This line carried passengers and took away considerable business from the defendant, and caused him substantial loss, and, under the terms of the contract, this was sufficient reason for his non-payment of the $50 per month during the time such opposition continued. The

judgment is therefore reversed with direction to enter a judgment for defendant.

FULLERTON, HADLEY, ANDERS, MOUNT and DUNBAR, JJ., concur.